**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 31 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, an Illinois corporation,

      Plaintiff-Appellee,

v.

LYNNE SLOAN, individually, and as
Mother and next friend of Jessica
Sloan, a minor,

      Defendant-Appellant.

No. 97-6428
(W. District of Oklahoma)
(D.C. No. CIV-97-261-P)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McWILLIAMS,** and **MURPHY**, Circuit Judges.

Lynn Sloan ("Sloan") appeals the district court's grant of State Farm

Mutual Automobile Insurance Company's ("State Farm") motion for summary

judgment. The facts of this case are brief. On November 12, 1995, Jessica Sloan,

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the 15-year old daughter of appellant Sloan, fell off the tailgate of a pick-up truck owned by Sloan and driven by John Anderson. As a result of the accident, Jessica suffered personal injuries. The pick-up truck was insured by State Farm under Sloan's name. In this declaratory judgment action, State Farm filed a motion for summary judgment urging that, pursuant to the terms and conditions of the policy insuring the pick-up truck, specifically the household-exclusion clause, Jessica was entitled to liability coverage only up to the limit required by the Oklahoma Financial Responsibility Act for bodily injury. *See* Okla. Stat. Ann. tit. 47, §§ 7-101 to 7-607 (West 1988 & Supp. 1999). That amount was $10,000.00, and Sloan claims that Jessica's injuries exceed this amount. Sloan filed a response claiming that the household exclusion was ambiguous and thus subject to her reasonable expectations, and void as against public policy. The district court granted State Farm's Motion for Summary Judgment and entered Judgment in favor of State Farm on November 7, 1997. Jessica received benefits of $10,000.00 under the insurance policy.

The insurance contract contained a household exclusion, denying coverage:

2.      FOR ANY BODILY INJURY TO:

. . .

c.      ANY INSURED OR ANY MEMBER OF AN INSURED'S FAMILY RESIDING IN THE INSURED'S HOUSEHOLD.

The contract defined "insured" as:

1.      you;

. . .
3. the relatives of the first person named in the declarations;
4. any other person while using such a car if its use is within the scope of consent of you or your spouse

The household exclusion was modified by Section I, Liability Coverage, which provided:

THERE IS NO COVERAGE TO THE EXTENT THE LIMITS OF LIABILITY OF THIS POLICY EXCEED THE LIMITS OF LIABILITY REQUIRED BY THE OKLAHOMA FINANCIAL RESPONSIBILITY ACT FOR BODILY INJURY TO ANY INSURED OR ANY MEMBER OF AN INSURED'S FAMILY RESIDING IN THE INSURED'S HOUSEHOLD.

Sloan's primary argument is that the insurance policy at issue is ambiguous and thus subject to interpretation based upon her reasonable expectations. Sloan's ambiguity argument is simple: because Anderson was driving the vehicle with the permission of Sloan, he qualifies as an insured under the provisions of the automobile policy. Because Anderson is thereby an insured under the policy and Jessica is not his relative, the household exclusion does not limit Jessica's coverage. Sloan argues additionally that the household exclusion is contrary to public policy.

This court agrees with the district court that the insurance contract is not ambiguous. Because Sloan was the first person named on the Declarations page of the insurance contract, it cannot be disputed that she was the "insured." There is also no dispute that, as her daughter, Jessica was also an "insured" under the

policy. Because Jessica is Sloan's daughter and lives in the same household as Sloan, the household exclusion applied to Jessica. That Anderson also qualified as an insured under Sloan's policy is of no import in this case. Because this court concludes that the language of the insurance contract at issue is unambiguous, the policy is not subject to interpretation based upon Sloan's reasonable expectations. *See Max True Plastering v. United States Fidelity & Guar. Co.*, 912 P.2d 861, 869 (Okla. 1996) ("[U]nambiguous insurance contracts are construed . . . according to their terms.").

Sloan's argument that the household exclusion is contrary to public policy also fails. The household-exclusion modification to the insurance contract permits recovery required by Oklahoma's Motor Vehicle Financial Responsibility Act, which provides a statutory minimum of $10,000.00 per person. *See* 47 Okla. St. Ann. §§ 7-601 & 7-204(a) (West 1988). Jessica received this statutory minimum. Accordingly, this court can find no violation of Oklahoma's public policy given that the household "exclusion" provides coverage equal to the statutorily mandated coverage requirements. *See also Nation v. State Farm Ins. Co.*, 880 P.2d 877, 882 (Okla. 1994) (per curiam) (stating that household exclusion provision's "invalidity is limited to the statutory minimum required coverage").

After a *de novo* review of the parties' briefs and contentions, the district court's order, and the entire record on appeal, this court finds no reversible error and affirms for substantially the same reasons set forth in the district court's Order Granting the Motion for Summary Judgment.  The judgment of the United States District Court for the Western District of Oklahoma is **AFFIRMED.**

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge

No. 97-6428, State Farm v. Sloan

Judge McWilliams dissents.

   I would grant what is in effect a joint motion of both parties that we certify questions of law to the Oklahoma Supreme Court, the answers to which may well provide a definitive statement on local Oklahoma law and its application to the present facts.